IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| XIAODAN LI<br><br>    Plaintiff,<br><br>v.<br><br>CALVIN HOAGLAND and<br>CATHERINE C. HOAGLAND<br><br>    Defendants. | **COMPLAINT**<br>*(Jury Trial Demanded)*<br>C.A. No.: 9:25-cv-12669-BHH |

Plaintiff, Xiaodan Li, by and through counsel, complains of the Defendants Calvin Hoagland and Catherine Hoagland alleging as follows:

**JURISDICTION AND VENUE**

1. The Plaintiff is a resident of the State of South Carolina.

2. The Defendants Calvin "Skip" Hoagland and Catherine Hoagland are residents of The State of Florida.

3. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000).

4. This Court has jurisdiction over this action pursuant to 28 U.S. Code Section 1332 because the Plaintiff and all Defendants have diversity of citizenship and the amount in controversy exceeds the requisite jurisdictional limit.

5. Venue is proper in the District of South Carolina, Beaufort Division as the acts complained of arise out of statements made, communications and actions taken and property conveyed in Beaufort County, South Carolina.

## FACTUAL ALLEGATIONS

6. The allegations stated above are incorporated as if rewritten.

7. Plaintiff is a resident of Beaufort County, South Carolina.

8. Defendants Calvin and Catherine Hoagland are Florida residents but have long maintained a home, social presence and business interests in Beaufort County, South Carolina.

9. The Hoagland Defendants have accumulated a substantial fortune beginning in print media and evolving into both print and internet media through the ownership and control of numerous internet domain sites.

10. The Hoaglands are political activists. Mr. Hoagland sees himself as an anti-corruption crusader for the taxpayers, fighting corruption in South Carolina. He is a zealot who believes his bullying – through abusive and offensive actions, words, publications and behavior – is completely justified.

11. If someone disagrees with Mr. Hoagland or attempts to hold him to any standards of decorum, civility or statutory conduct, he deems them to be corrupt. With the assistance of Defendant Catherine Hoagland and others, he initiates and perpetuates a personal attack campaign consisting of hurtful, abusive, false, defamatory, racist, insulting and unlawful statements via email, internet media and public appearances.

12. The Hoagland Defendants, primarily through Mr. Hoagland, are vocal, abrasive and confrontational political activists in South Carolina. Their approach includes continual appearances at local government meetings, political events, and private social gatherings, where Mr. Hoagland bullies, abuses and personally attacks elected officials, party officials and anyone else who does not support or implement policies that the Hoaglands demand. Defendant Calvin

Hoagland often directs his bullying, verbal abuse and written attacks (including emails) towards women who serve in public offices or volunteer in leadership positions of political parties.

13. The Hoaglands are not deterred by Mr. Hoagland's multiple arrests, incarcerations, physical confrontations with law enforcement, physical ejections from public meetings, civil suits, or even a recent jury award of a $50,000,000 civil judgment against him for defaming and abusing Lisa Sulka, the former Mayor of Bluffton.

14. Because Defendant Calvin Hoagland acts as the voice and face of the crusade, Defendants agreed that Defendant Calvin Hoagland conveyed all or substantially all of his assets, as well as his interests in their joint assets, to Catherine Hoagland, thereby purportedly rendering himself "judgment proof" (these assets are hereinafter collectively referred to as the "Hoagland Assets").

15. Although the Hoagland assets are owned almost exclusively by Catherine Hoagland, they are jointly operated and controlled by Catherine and Calvin Hoagland. This asset structure is a deliberate ruse to avoid responsibility for Calvin Hoagland's uncivil, libelous and slanderous conduct. The Hoaglands use the funds generated by the Hoagland Assets to pay for email blasts, the creation and editing of attack content, litigation expenses, bail, proxy litigation, computer and internet services, and to recruit others to assist in their efforts to sue, harass and abuse governmental officials and party volunteers.

16. Despite judgments, bench warrants, municipal citations, and being bodily removed from multiple public meetings, Defendant Calvin Hoagland, cloaked in the perceived righteousness of his cause, bolstered by the financial support of the Hoagland Assets, and shielded by his perceived judgment proof status, has remained undaunted. He continues to engage in an extended, consistent and increasingly intense course of bullying, attacking and maligning both

public officials who do not enact or modify policy to further the Hoagland agenda and private citizens who disagree with or challenge his outrageous conduct.

17. Plaintiff is a private American citizen who legally emigrated to the United States from China more than 30 years ago. Plaintiff is an active volunteer who serves as an officer in the Beaufort County Republican Party (BCRP).

18. The Hoagland Defendants, in their political activist efforts, began attending BCRP meetings. Defendant Calvin Hoagland repeatedly interrupted and disrupted meetings by attacking speakers and verbally abusing officers and members who disagreed with him or attempted to enforce the meeting decorum and BCRP rules. Defendant Calvin Hoagland soon focused his bullying and abuse on Plaintiff, accusing her of fraud, corruption, conspiracy, treason, and federal crimes, while also directing ethnic and misogynistic insults and veiled threats at her. Defendant Calvin Hoagland also began an email campaign targeting the leadership of the BCRP, especially Plaintiff, with slanderous, demeaning and harassing statements, labeling them criminal, corrupt, and unpatriotic. The Hoaglands abuse directed at Plaintiff has been especially cruel and vile.

19. Finally in early 2023, because Defendant Calvin Hoagland's conduct at BCRP meetings and his widely distributed email campaigns had become so abusive and offensive, the BCRP Executive Committee voted 38-4 to adopt a resolution, requesting Defendant Calvin Hoagland to remedy his behavior and agree to abide by the BCRP bylaws and meeting rules. Defendant Calvin Hoagland refused to comply with these curative measures and was therefore deemed to have resigned from the BCRP, with his family membership payment refunded.

20. Since September 2023, because Plaintiff has served as a volunteer officer in the BCRP and refused to join Defendant Calvin Hoagland's crusade against government officials or candidates he disliked, she has received hundreds of emails and text messages from Defendant

Calvin Hoagland. These communications contain continual allegations of fraud, corruption, conspiracy, treason, and federal crimes, as well as ethnic and misogynistic insults and veiled threats related to Plaintiff's national origin.

21. This campaign of harassment has included conspiring with 3rd parties to accuse Plaintiff of multiple crimes; labeling her a "Chinese spy", "Chinese Diplomat" or "Chinese Operative;" accusing her of theft of intellectual property; accusing her of treason; and demanding her deportation. One of the most egregious acts has been Defendant Calvin Hoagland's demands for investigations of Plaintiff and her family members who remain in China, which could endanger their livelihood under the Communist regime.

22. Defendant Calvin Hoagland has not relented. He has been arrested and jailed multiple times, including a recent arrest and subsequent 15-day incarceration sentence for trespassing after notice at a BCRP meeting in Bluffton. Even after that arrest, Defendant Calvin Hoagland – despite being warned that his presence would constitute trespass - appeared at the door of another private meeting. He was so disruptive that he was issued a trespass notice from Sea Pines Plantation Security.

### FOR A FIRST CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

23. Plaintiff realleges the previous allegations as if fully set forth herein.

24. Defendant Calvin Hoagland has intentionally and recklessly inflicted severe emotional distress on Plaintiff, being certain or substantially certain that such distress would result from his conduct. Defendant Calvin Hoagland's actions have been, and continue to be, so extreme and outrageous as to exceed all possible bounds of decency and should be regarded as atrocious and utterly intolerable in a civilized community.

25. Defendants' relentless attacks on Plaintiff have caused and continue to cause Plaintiff mental and emotional distress and fear for her family, which is so severe that no reasonable person could be expected to endure it.

26. As a result of Defendant Calvin Hoagland's outrageous conduct, Plaintiff is entitled to judgment against Defendant Calvin Hoagland for an appropriate amount of actual, special and punitive damages in an amount to be determined by a jury.

## FOR A SECOND CAUSE OF ACTION
### (Libel and Slander Per Se)

27. Plaintiff realleges the previous allegations as if fully realleged herein.

28. Defendant Calvin Hoagland has libeled and slandered Plaintiff numerous times including, but not limited to accusing her of treason; violating federal election laws (e.g., 52 U.S.C. § 30121); theft of intellectual property; bribery; acting as an unregistered foreign agent (FARA, 22 U.S.C. § 611 et seq.).

29. Defendant Calvin Hoagland made unprivileged statements defaming Plaintiff in emails and speeches. These defamatory remarks accuse Plaintiff of committing multiple crimes and are recklessly stated to degrade Plaintiff's reputation in her personal, social, and civic service communities. Each of these statements is completely false, and Defendant Calvin Hoagland recklessly disregards the truth or falsity when making them.

30. The unprivileged statements made by Defendant Calvin Hoagland to others about Plaintiff are false and defamatory.

31. At the time Defendant Calvin Hoagland published such statements, he did so with reckless disregard of their truth or falsity.

32. Defendant Calvin Hoagland's defamation is slanderous per se and per quod and libelous per se and per quod.

33. Defendant Calvin Hoagland's defamation has caused Plaintiff fear, reputational damage, mental, physical and emotional distress, actual damages, special damages and other damage as will be proven at trial.

34. Defendant Calvin Hoagland has stated his intent to continue his defamatory assault on Plaintiff. Defendant Calvin Hoagland has acted with actual malice by publishing the above-mentioned libelous and defamatory statements with reckless disregard as to whether they were true or false.

35. As a result of Defendant Calvin Hoagland's multiple acts of libel, slander and other defamatory conduct, Plaintiff is entitled to judgment against Defendant for an appropriate amount of actual, special and punitive damages, as well as an award of the injunctive relief described below.

### FOR A THIRD CAUSE OF ACTION
### (Fraudulent Conveyance)

36. The allegations set forth above are incorporated as if rewritten.

37. Prior to January 1, 2024, Defendant Calvin Hoagland transferred his personal and real estate assets entirely to his wife, Defendant Catherine Hoagland, without any consideration.

38. The Hoagland Defendants made and accepted these transfers so that Defendant Calvin Hoagland would become judgment-proof, thereby preventing any collection of judgement against the Hoagland Assets in the event he defamed or harmed others. Defendant Calvin Hoagland testified in one of his depositions that he had divested himself of assets and rendered himself judgment-proof before entering "the political arena."

39. Since these transfers, and in addition to actively participating in the acts complained of herein, Defendant Catherine Hoagland has supported Defendant Calvin Hoagland's lifestyle and

has paid the expenses to further their political interests. Defendants Calvin Hoagland and Catherine Hoagland jointly operate and control the Hoagland Assets.

40. The transfer of assets from Defendant Calvin Hoagland to Defendant Catherine Hoagland, or by either of them to any trust or other entity were made to prevent judgments from being collected against the Hoagland Assets. Pursuant to § 27-23-10 to 27-23-30 South Carolina Code (1976), these transfers should be set aside.

## FOR A FOURTH CAUSE OF ACTION
### (Civil Conspiracy)

41. Plaintiff realleges the previous allegations as if fully realleged herein.

42. The Defendants, together with other unnamed co-conspirators, have combined, conspired, and acted with the express intent to cause special damage to Plaintiff. In doing so, they have committed the unlawful acts of defaming and slandering Plaintiff by spreading false statements about her in an attempt to further their political interests and personal vendettas at the expense of Plaintiff.

43. The Defendants financed and committed the overt acts as described above, causing the Plaintiff actual and special damages.

## FOR A FIFTH CAUSE OF ACTION
### (Aiding and Abetting)

44. Plaintiff realleges the previous allegations as if fully realleged herein.

45. Defendant Catherine Hoagland actively aids and abets Defendant Calvin Hoagland in his wrongful acts of bullying, demeaning, insulting, slandering, libeling and defaming Plaintiff, and in causing her emotional and reputational distress. Defendant Catherine Hoagland also actively aids and abets Defendant Calvin Hoagland in his bullying, libelous, slanderous and tortious acts.

46. Defendant Catherine Hoagland is aware of her role in the tortious activities committed by Defendant Calvin Hoagland. Further, Defendant Catherine Hoagland knowingly and substantially assists in Defendant Calvin Hoagland's tortious and wrongful acts.

**WHEREFORE**, Plaintiff, Xiaodan Li, demands judgment against Defendant Hoagland for damages, punitive damages, court costs, and such other relief as the Court deems just and proper.

**Alford Law Firm, LLC**
By: *s/Gregory M. Alford*
Gregory M. Alford, Esq.
P. O. Drawer 8008
Hilton Head Island, SC 29938
Email: gregg@alfordlawsc.com
ATTORNEY FOR PLAINTIFF

Hilton Head Island, South Carolina
September 23, 2025.