IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Xiaodan Li, | ) | C/A No.: 9:25-cv-12669-BHH-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Calvin Hoagland and Catherine C. Hoagland, | ) | **ORDER TO SHOW CAUSE** |
| | ) | |
| Defendants. | ) | |

Plaintiff, represented by counsel, brings this action in this federal court alleging only state law claims against Defendants. All pretrial proceedings in this matter were referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), D.S.C. Upon review of the Complaint, the undersigned is not convinced that this Court has subject matter jurisdiction over this action.

"Federal courts are courts of limited jurisdiction and, as such, may only hear and decide cases when given the authority to do so by the United States Constitution and by federal statute." *Bilbro v. Haley*, 229 F. Supp. 3d 397, 404 (D.S.C. 2017) (citing *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998)). A court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt"). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading "must contain . . . a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Furthermore, "the facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). A district court may determine it lacks subject matter jurisdiction if it "find[s] insufficient allegations in the pleadings, viewing the alleged facts in the light most favorable to the plaintiff, similar to an evaluation pursuant to Rule 12(b)(6)." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (further explaining that "the burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist").

District courts most commonly have original jurisdiction pursuant to federal question jurisdiction and diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. In her Complaint, Plaintiff asserts that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, which grants district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of all interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1); *see* ECF No. 1 ¶ 4. The Complaint alleges that the amount in controversy exceeds $75,000, that Plaintiff is a "resident" of South Carolina, and that Defendants are both "residents" of Florida. ECF No. 1 at 1 ¶¶ 1–3. The Complaint asserts that this Court has diversity jurisdiction over the action "because the Plaintiff and all Defendants have diversity of citizenship and the amount in controversy exceeds the requisite jurisdictional limit." *Id.* at 1 ¶ 4.

To satisfy § 1332(a)'s complete diversity requirement, "the citizenship of every plaintiff must be different from the citizenship of every defendant" as of the time the complaint is filed. *Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011); *Martinez v. Duke Energy Corp.*, 130 F. App'x 629, 634 (4th Cir. 2005) ("It is well settled that, in

2

order to maintain an action in federal district court based upon diversity jurisdiction, complete diversity between the plaintiffs and the defendants must exist at the time the complaint is filed."); *Hanahan v. John Hancock Life Ins. Co. (USA)*, 518 F. Supp. 2d 780, 784 (D.S.C. 2007) ("In order for a federal court to have diversity jurisdiction, the plaintiff must be a citizen of a separate jurisdiction from each and every defendant.").

"For purposes of diversity jurisdiction, residency is not sufficient to establish citizenship." *Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008). "To be a citizen of a State, a person must be both a citizen of the United States and a domiciliary of that State." *Id.* "Domicile requires physical presence, coupled with an intent to make the State a home." *Id.* As one court has noted, "it is quite settled that mere residence in a state is not enough for purposes of diversity, and that the more elusive concept of 'domicile' is controlling." *Miller v. Lee*, 241 F. Supp. 19, 22 (W.D.S.C. 1965). When the domicile of a party is in doubt for purposes of determining diversity jurisdiction, "a court must make an individualized inquiry relying on certain factors," including voter registration; current residence; the location of real and personal property; location of bank and brokerage accounts; membership in clubs, churches, or other associations; place of employment or business; driver's license and automobile registration; and the state to which a person pays taxes. *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 195 (4th Cir. 2017); *Celester v. Sun Tr. Bank*, No. CV 6:23-5030-BHH-KDW, 2023 WL 9231301, at *3 (D.S.C. Dec. 12, 2023), *report and recommendation adopted,* No. 6:23-CV-5030-BHH, 2024 WL 150178 (D.S.C. Jan. 12, 2024); *The Requirement and Meaning of Citizenship—Determination of a Person's Domicile*, 13E Fed. Prac. & Proc. Juris. § 3612 (3d ed.). "No single factor is dispositive." *Scott*, 865 F.3d at 195.

The Complaint alleges that Plaintiff is a U.S. citizen, a "resident of the State of South Carolina," and an officer in the Beaufort County Republican Party ("BCRP"). ECF No. 1 at ¶¶ 2,

3

17. Although the Complaint does not expressly identify Plaintiff's domicile or state of citizenship, the factual allegations show that Plaintiff lives in South Carolina and is active in a Beaufort County political organization, suggesting both physical presence and an intent to call South Carolina home. Moreover, there are no allegations suggesting that Plaintiff is domiciled in any other state. Accordingly, it appears that Plaintiff is a citizen of South Carolina for purposes of diversity jurisdiction.

The Complaint further alleges that Defendants are "Florida residents but have long maintained a home, social presence and business interests in Beaufort County, South Carolina." *Id.* at ¶ 8. According to the Complaint, "Mr. Hoagland sees himself as an anti-corruption crusader for the taxpayers, fighting corruption in South Carolina." *Id.* at 2 ¶ 10. The Complaint alleges that both Defendants are "political activists in South Carolina" who make "continual appearances at local government meetings, political events, and private social gatherings." *Id.* at ¶ 12. According to the Complaint, the BCRP Executive Committee voted in or around 2023 to adopt a resolution requesting that Mr. Hoagland agree to abide by the BCRP bylaws and meeting rules; when he refused to comply with these measures, he was "deemed to have resigned from the BCRP, with his family membership payment refunded." *Id.* at 4 ¶ 19. The Complaint further alleges that Mr. Hoagland "has been arrested and jailed multiple times, including a recent arrest and subsequent 15-day incarceration sentence for trespassing after notice at a BCRP meeting in Bluffton." *Id.* at 5 ¶ 22. The Complaint also alleges that prior to 2024, Mr. Hoagland "transferred his personal and real estate assets entirely to his wife, Defendant Catherine Hoagland." *Id.* at 7 ¶ 37.

The Complaint does not expressly allege Defendants' citizenship. Although the Complaint alleges that Defendants are "residents" of Florida, there are no factual allegations to support an inference that they are citizens of Florida. *See Johnson*, 549 F.3d at 937 n.2 ("For purposes of

4

diversity jurisdiction, residency is not sufficient to establish citizenship."). Rather, the factual allegations show that both Defendants live in South Carolina, have long been active in South Carolina politics, have been members of South Carolina organizations, and are present in the state so often that they make "continual appearances at local government meetings, political events, and private social gatherings." ECF No. 1 at ¶ 12. Thus, the factual allegations in the Complaint all point to a finding that Defendants are physically present in South Carolina and intend to make South Carolina a home, such that they are domiciled in South Carolina for purposes of diversity jurisdiction. *See Johnson*, 549 F.3d at 937 n.2.

Because all causes of action alleged in the Complaint arise under state law, there is no basis for the Court to exercise federal question jurisdiction over this action. *See* 28 U.S.C. § 1331. Moreover, because the factual allegations in the Complaint, viewed in the light most favorable to Plaintiff, indicate that Plaintiff and both Defendants are all citizens of South Carolina, complete diversity does not appear to be present in this case. If complete diversity between the parties does not exist, then the Court lacks subject matter jurisdiction over this action. *See Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 352 (4th Cir. 2020) (explaining that "no plaintiff may share a citizenship with any defendant").

## CONCLUSION

Wherefore, based upon the foregoing, Plaintiff is **ORDERED** to show cause, within seven days from the date this Order is entered, why the Court should not dismiss the action for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

February 10, 2026  
Charleston, South Carolina

Honorable Molly H. Cherry  
United States Magistrate Judge

5