IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Xiaodan Li,                      )

                 )

        Plaintiff,        )

                 )      Civil Action No. 9:25-cv-12669-BHH

v.                        )

                 )      **<u>ORDER</u>**

Calvin Hoagland and Catherine C.     )

Hoagland,               )

                 )

        Defendants.    )

_____ )

This matter is before the Court upon Plaintiff Xiaodan Li's ("Plaintiff" or "Li's")

complaint against Defendants Calvin Hoagland ("Calvin") and Catherine C. Hoagland

("Catherine") (collectively, "Defendants" or "the Hoaglands"). (ECF No. 1.) The matter was

initially referred to a United States Magistrate Judge when it was uncertain whether

Defendant Calvin was proceeding *pro se* or with counsel, in accordance with 28 U.S.C. §

636(b) and Local Civil Rule 73.02(B). On February 10, 2026, the Magistrate Judge issued

an order to show cause, questioning whether the Court has subject matter jurisdiction.

(ECF No. 29.)

Subsequently, this Court also entered a text order staying discovery pending a

determination regarding subject matter jurisdiction, and the Court granted Plaintiff

additional time to submit information in connection with the order to show cause. (ECF No.

39.) Additionally, the Court removed the Magistrate Judge referral because, despite

Calvin's *pro se* letter indicating that defense counsel retained by the insurance company

represents only Catherine, the Court noted that defense counsel was never formally

relieved by Court order, and defense counsel still appeared to represent both Defendants.

(*See id.*) The Court also directed the Clerk to re-docket Calvin's *pro se* letter as a motion

to proceed *pro se*, and the Court gave defense counsel retained by the insurance company fourteen days to respond. (*Id.*) Defense counsel filed a response on March 16, indicating that counsel represents both Defendants in this action. (ECF No. 46.)

Currently pending before the Court at this time are the following motions: (1) Defendant Calvin's motion to have the case dismissed against Catherine (ECF No. 14); (2) Plaintiff's request for entry of default as to Defendant Catherine (ECF No. 15); Defendant Catherine's motion to dismiss and for sanctions and costs (ECF No. 19); Plaintiff's motion to strike Defendant Catherine's motion to dismiss (ECF No. 22); Defendant Calvin's motion to proceed *pro se* (ECF No. 24); and Plaintiff's motion to compel Defendant Catherine to provide complete responses to Plaintiff's first set of interrogatories, first set of requests for production of documents, and first set of requests for admission (ECF No. 28).

Before addressing the pending motions, however, the Court first must determine whether subject matter jurisdiction exists. As the Magistrate Judge noted in her order to show cause, district courts most commonly have original jurisdiction pursuant to federal question jurisdiction and diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. In the complaint, Plaintiff asserts that diversity jurisdiction exists, which occurs when the matter in controversy exceeds $75,000, exclusive of all interest and costs, and when the matter is between citizens of different states." 28 U.S.C. § 1332(a)(1). (*See* ECF No. 1 ¶ 4.)

To satisfy § 1332(a)'s complete diversity requirement, "the citizenship of every plaintiff must be different from the citizenship of every defendant" as of the time the complaint is filed. *Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011); *Martinez v. Duke Energy Corp.*, 130 F. App'x 629, 634 (4th Cir. 2005) ("It is well settled that, in order to maintain an action in federal district court based

upon diversity jurisdiction, complete diversity between the plaintiffs and the defendants must exist at the time the complaint is filed.").  "For purposes of diversity jurisdiction, residency is not sufficient to establish citizenship."  *Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008).  "To be a citizen of a State, a person must be both a citizen of the United States and a domiciliary of that State."  *Id.*  "Domicile requires physical presence, coupled with an intent to make the State a home."  *Id.*  As one court has noted, "it is quite settled that mere residence in a state is not enough for purposes of diversity, and that the more elusive concept of 'domicile' is controlling."  *Miller v. Lee*, 241 F. Supp. 19, 22 (W.D.S.C. 1965).  When the domicile of a party is in doubt for purposes of determining diversity jurisdiction, "a court must make an individualized inquiry relying on certain factors," including voter registration; current residence; the location of real and personal property; location of bank and brokerage accounts; membership in clubs, churches, or other associations; place of employment or business; driver's license and automobile registration; and the state to which a person pays taxes.  *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 195 (4th Cir. 2017); *Celester v. Sun Tr. Bank*, No. 6:23-5030-BHH-KDW, 2023 WL 9231301, at *3 (D.S.C. Dec. 12, 2023), *report and recommendation adopted*, No. 6:23-CV-5030-BHH, 2024 WL 150178 (D.S.C. Jan. 12, 2024).  "No single factor is dispositive."  *Scott*, 865 F.3d at 195.

Here, after carefully reviewing the materials submitted in response to the Magistrate Judge's order to show cause and this Court's subsequent text order, including tax bills, voter registration records, affidavits, and pleadings from prior litigation, the Court finds that Plaintiff is a citizen of South Carolina for purposes of diversity jurisdiction and that Defendants are domiciled in Florida for purposes of state citizenship for determining

3

diversity jurisdiction. (*See specifically* ECF Nos. 31, 47, and 48 (including attachments).) Additionally, because the amount in controversy appears to exceed $75,000, the Court ultimately finds that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

Next, the Court turns to Defendant Calvin's request to proceed *pro se* in this action. After review, the Court denies Calvin's motion (ECF No. 24). At this time, it is clear from counsel's filing that Kenneth P. Williams and Michael S. Litrenta remain as counsel for both Defendants, and the Court finds that it is vital for Defendant Calvin to have the assistance of counsel in this matter. Accordingly, the Court denies his request to proceed *pro se* at this time. The Court also denies Calvin's motion to dismiss Plaintiff's claims against Defendant Catherine (ECF No. 14), as the motion is procedurally improper and without merit.

Furthermore, the Court denies Plaintiff's request for entry of default as to Defendant Catherine (ECF No. 15), who has now appeared and is represented by counsel; the Court denies Defendant Catherine's motion to dismiss and for sanctions and costs (ECF No. 19) and will permit Plaintiff's claims to proceed at this time; and the Court likewise denies Plaintiff's motion to strike Defendant Catherine's motion to dismiss (ECF No. 22).

The Court also lifts the stay of discovery and denies without prejudice Plaintiff's motion to compel Defendant Catherine to provide complete responses to Plaintiff's first set of interrogatories, first set of requests for production of documents, and first set of requests for admission (ECF No. 28). Should Defendant Catherine fail to comply with discovery now that the stay has been lifted, counsel should contact the Court for a telephone conference prior to filing any motions to compel, in accordance with Judge Hendricks' standard scheduling order, which will be entered shortly.

4

## CONCLUSION

Based on the foregoing, (1) Defendant Calvin's motion to have the case dismissed against Catherine (ECF No. 14) is **denied**; (2) Plaintiff's request for entry of default as to Defendant Catherine (ECF No. 15) is **denied**; Defendant Catherine's motion to dismiss and for sanctions and costs (ECF No. 19) is **denied**; Plaintiff's motion to strike Defendant Catherine's motion to dismiss (ECF No. 22) is **denied**; Defendant Calvin's motion to proceed *pro se* (ECF No. 24) is **denied**; and Plaintiff's motion to compel Defendant Catherine to provide complete responses to Plaintiff's first set of interrogatories, first set of requests for production of documents, and first set of requests for admission (ECF No. 28) is **denied without prejudice**.

   **IT IS SO ORDERED.**

/s/Bruce H. Hendricks\
United States District Judge

May 12, 2026\
Charleston, South Carolina